# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cr353

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Vs. | ) ORDER OF PRELIMINARY |
| | ) FORFEITURE |
| DAVID EDWARD KENNEDY. | ) |
| | ) |

**THIS MATTER** is before the court on the government's Motion for Preliminary Order of Forfeiture (#62). For the reasons provided in the motion, the government's Motion for Preliminary Order of Forfeiture is **GRANTED** as follows:

Defendant has entered a guilty plea to Count One of the Bill of Indictment and to forfeit the assets listed in the indictment. The Court has determined, based on the Bill of Indictment and the guilty plea of the defendant, that the below-described property is subject to forfeiture pursuant to 21 U.S.C. § 853, that the government has in fact established the requisite nexus between such property and such violations, and that the defendant had an interest in the property.

**IT IS, THEREFORE, ORDERED**:

1. The following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**Approximately $21,000 in United States currency; and**

**One Cadillac Escalade, VIN 1GYEC63877R422252,**

both seized on October 25, 2011.

2. The Attorney General (or a designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R.

Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1) and Standing Order of the Court 3:05MC302-C (September 8, 2005), the United States shall post on an official government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R.

Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Signed: June 1, 2012

Max O. Cogburn Jr.
United States District Judge